# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KATHLEEN M. WHALEN,**

              **Plaintiff,**

**-vs-**                                                               **Case No. 6:10-cv-865-Orl-22DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

              **Defendant.**

_____

## ORDER

This cause is before the Court for consideration of Plaintiff Kathleen M. Whalen's Complaint (Doc. No. 1) against the Commissioner of the Social Security Administration ("the Commissioner"), filed on June 1, 2010. On June 21, 2011, United States Magistrate Judge David A. Baker submitted a Report and Recommendation ("R & R") (Doc. No. 18) recommending that the decision of the Commissioner be reversed and remanded. After an independent *de novo* review of the record in this matter, including the objections filed by the Commissioner, the Court agrees with the findings of fact and conclusions of law in the R & R.

## I. BACKGROUND[1]

**A.     Procedural History**

---

[1] This section is repeated from the Magistrate Judge's R & R. (*See* Doc. No. 18 pp. 1-3.)

Plaintiff filed for a period of disability, Disability Insurance Benefits ("DIB"), and Social Security Income ("SSI"), on September 11, 2007, alleging an onset of disability on November 27, 2003, due to anxiety/social phobia and panic disorders, and depression. (R. 58, 60, 78, 112-14, 129.) Plaintiff was able to work full-time from January to September 2007 as a medical assistant at a sleep clinic; she did not work after that time. (R. 26-29, 35.)

Her application was denied initially and upon reconsideration. (R. 58-65.) Plaintiff requested a hearing, which was held on April 27, 2009, before Administrative Law Judge Joseph A. Rose (the "ALJ"). (R. 19-57.) In a decision dated June 9, 2009, the ALJ found Plaintiff not disabled as defined under the Social Security Act through the date of his decision. (R. 10-18.) Plaintiff timely filed a Request for Review of the ALJ's decision. (R. 104.) The Appeals Council denied Plaintiff's request on April 9, 2010. (R. 1-5.) Plaintiff filed this action for judicial review on June 1, 2010. (Doc. No. 1.)

**B.    Medical History and Findings Summary**

Plaintiff was born on November 14, 1957 (R. 241), and was 46 years old at the alleged disability onset date. (R. 25, 256.) She received her GED, attended college, and received an associate's degree in 1995. (R. 25, 52.) From 1994 to 2003, Plaintiff's past relevant work was as a respiratory therapist. (R. 27, 130.) Plaintiff alleged an onset date of November 27, 2003; however, from January to September 2007, Plaintiff worked full-time as a medical assistant at a sleep clinic (R. 26-27, 35), which constituted substantial gainful activity. (R. 12.)

Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff complained of anxiety and panic disorder and social phobia. (R. 58, 60, 78, & 129.)

After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from depression and generalized anxiety disorder, which were "severe" medically determinable impairments but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (R. 12.) The ALJ determined that Plaintiff had no exertional limitations but was limited to carrying out simple, routine tasks with minimal social interaction with other people due to anxiety. (R. 13.) In making this determination, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms but her statements concerning the intensity, persistence, and limiting effects of these symptoms were not fully credible. (R. 14.) Based upon Plaintiff's limitations, the ALJ determined that she could not perform past relevant work. (R. 17.) Considering Plaintiff's vocational profile and RFC, the ALJ applied the Medical-Vocational Guidelines (the grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2. Based on the testimony of the vocational expert, the ALJ concluded that Plaintiff could perform work existing in significant numbers in the national economy, such as newspaper carrier. (R. 17.) Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Social Security Act, at any time through the date of the decision. (R. 18.)

Plaintiff asserts two points of error in her Complaint against the Commissioner of Social Security. (Doc. No. 1.) First, she argues that the ALJ erred by ignoring the vocational expert's testimony in response to the hypothetical question which included Plaintiff's limitations in completing a normal workday and workweek. Second, Plaintiff argues that the ALJ erred by improperly evaluating her testimony and that of her two sons.

## II. LEGAL STANDARD

A person seeking social security disability benefits must prove a disability, defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1). The impairment must also be of such severity that the individual is unable to do his or her previous work and – considering age, education, and work experience – cannot engage in any other kind of substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Social Security Administration, under the authority of the Social Security Act, has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520. First, if a claimant is doing substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(a)(4)(i). At the second step, if the claimant does not have an impairment or combination thereof that is severe and meets the duration requirement, she is not disabled. 20 C.F.R. § 404.1520.(a)(4)(ii). Third, if a claimant has an impairment that meets or equals one of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can do her past relevant work, she is not disabled. *Id.* The fifth and final step assesses whether the claimant's residual functional capacity and age, education, and work experience would allow the claimant to make an adjustment to other work. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

Plaintiff's appeal focuses on the fifth step in the evaluation process: her capacity to adjust to other work. The ALJ must consider the vocational factors mentioned above to determine whether Plaintiff is "capable of performing other jobs existing in significant numbers in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003). "There are two avenues by which the ALJ may determine whether the claimant has the ability to adjust to other work in the national economy." *Philips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). "The first is by applying the Medical Vocational Guidelines." *Id.* The second was employed by the ALJ in the instant case: the use of a vocational expert. *See id.* at 1240.

Title 42, United States Code, Section 405(g) provides that a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "The scope of this Court's review is limited to whether the Commissioner's decision is supported by substantial legal evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Id.* Even if the Court finds that the evidence preponderates against the Secretary's decision, the Court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)).

## III. ANALYSIS

Judge Baker recommends that the ALJ's decision be reversed and remanded because it was not based on substantial evidence: the ALJ's hypothetical to the vocational expert was insufficient, and the ALJ failed to properly evaluate Plaintiff's credibility. The Commissioner objects to both of Judge Baker's reasons for reversal and remand.

### A.  The ALJ's Residual Functional Capacity Determination

The Commissioner objects that the operative hypothetical the ALJ posed to the vocational expert was consistent with the ALJ's Residual Function Capacity (RFC) Determination and accounted for Plaintiff's limitations resulting from her mental impairments. The Commissioner asserts that the ALJ "was not confined to simply mirroring a medical source opinion." (Doc. No. 19 p. 1) (citing 20 C.F.R. § 404.1527(e)).

The R & R notes that the ALJ looked to the reports of two non-examining physicians, Dr. Hertz and Dr. Rosenberg, state agency psychological consultants, in order to assess Plaintiff's RFC. Each of these physicians completed a Mental Residual Functional Capacity Assessment ("MRFC") and a Psychiatric Review Technique ("PRT"). For the MRFC, each state consultant found that Plaintiff had moderate limitations in the ability to complete a normal workday or workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (R. 301, 335.) For the PRT, Dr. Hertz found that Plaintiff had moderate difficulties in maintaining concentration, persistence, or pace (R. 314), whereas Dr. Rosenberg found that her difficulties were mild.[2]  (R.

---

[2] Both Plaintiff and the Commissioner agree that the Magistrate Judge mistakenly believed that the ALJ had misstated the overall finding of reviewing psychologist Dr. Rosenberg that Plaintiff was mildly limited in

330.) The ALJ stated that he gave great weight to Dr. Rosenberg's mental assessment. (R. 16.) However, he did not state whether he gave weight to the other examiners.

> The ALJ posed two hypotheticals to the vocational expert, to which the expert responded:
>
> Q. The first one is assume a hypothetical person with the Claimant's age, education, and work experience who is – due to severe mental impairments, this individual cannot sustain sufficient concentration, persistence, or pace to do even simple routine tasks on a regular and consistent basis for eight hours a day, five days a week, or a forty-hour week or equivalent work schedule. Can such an individual with these limitations perform Claimant's past work as she performed it or as customarily performed? And assuming these vocational functions and limitations are there, in your opinion, other jobs in the regional or national economy that such a hypothetical person could perform?
>
> A. No, your honor.
>
> Q. Why is that?
>
> A. Well, because your hypothetical indicates that this person is not able to work a full-time job, and cannot keep up a consistent pace even doing regular simple tasks. And if this person is not able to do that, that is why they cannot do either their own job or any other job.
>
> Q. For the second hypothetical, assume a hypothetical person the Claimant's age, education, and work experience who is – due to her nonexertional impairments, she's able to perform simple one- or two-step instructions. Carry out simple one- or two-step and repetitive tasks. She's able to perform also multiple-step instructions. She can adequately pay attention, concentrate, use memory skills to complete tasks, including multi-tasking. However, she has social functioning deficits where work is to be isolated with only occasional supervision. Can such an individual with these limitations perform Claimant's past work as she performed it or as customarily performed? So she has to – she has very little in the concentration, persistence, or pace deficits. But the primary deficit is in social functioning where she must work in an isolated environment with only occasional supervision.

---

maintaining concentration, persistence, and pace. (*See* Doc. No. 20 p. 2) (citing Doc. No. 18 p. 14.; Doc. No. 19 p. 2). However, this does not alter the R & R's ultimate conclusions.

> A. Well, I would say that she could perform her own work that she did in the past. Which was not the respiratory therapist, but was working with sleep disordered people. Based on your hypothetical only, not based on her testimony, as a result of why she could not do it. And if I may add –
>
> Q. Yes, please . . . .
>
> A. [T]here is another job that would have very little interaction with people that I would recommend at some point in her life . . . [a]s a newspaper carrier . . . [which requires] very little interaction with the public or anything.

(R. 45-48.) The ALJ based his decision on the second hypothetical and determined that Plaintiff was capable of performing work that exists in significant numbers in the national economy. (R. 17-18).

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). However, the ALJ is not "required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." *Crawford*, 363 F.3d at 1161.

Judge Baker found that the ALJ's determination that Plaintiff was not disabled was not based on substantial evidence because the second hypothetical did not fully assume all of Plaintiff's limitations – specifically, that she was moderately limited in her ability to complete a normal workday or workweek. (*See* Doc. No. 18 p. 17.) The ALJ appears to have accounted for this limitation in his first hypothetical posed to the vocational expert but did not rely on the vocational expert's conclusion that no jobs would be available in the national economy for such a claimant. The Court thus upholds the Magistrate Judge's determination.

8

The ALJ did not explain why he failed to address the determination by both physicians that Plaintiff had a "moderate limitation" in her ability to complete a normal workday and workweek. *See Baker v. Astrue*, No. 3:09-cv-1100-J-JRK, 2011WL 899311, at *1 (M.D. Fla. Mar. 14, 2011) (reversing and remanding the case to the Commissioner for the third time because additional explanation was needed before the court could determine "whether the successor ALJ included all relevant limitations in the hypothetical," including a moderate inability to complete a normal workday and workweek, or "to the extent the ALJ rejected limitations or determined they do not impact Plaintiff's ability to work, whether he specified reasons for not including the limitations"). In cases where the ALJ did include such limitation in the hypothetical, courts have affirmed the ALJ's decision. *See, e.g., Nation v. Barnhart*, 153 Fed. App'x 597, 599 (11th Cir. 2005) (finding that where two state consultants – out of three physicians total – opined that the plaintiff had a moderate ability to complete a normal workday/workweek, the ALJ covered this limitation in the hypothetical by asking about an individual with a moderate inability to complete a normal workday and workweek).[3] The ALJ mentioned in his analysis that Dr. Hertz determined that Plaintiff had a moderate limitation in this area; the ALJ did not mention that Dr. Rosenberg also determined that Plaintiff had such limitation. The ALJ states that he "has given great weight to the mental assessment" of Dr. Rosenberg. (R. 16.) However, the ALJ never states his determination regarding Plaintiff's limitation or lack thereof in this area. What makes this even less clear is that the ALJ did appear to include this limitation in the first hypothetical but failed to explain why he did not rely upon the vocational expert's answer to that hypothetical. Thus, this

---

[3] In the Eleventh Circuit, unpublished decisions are persuasive, not binding, authority.

case will be reversed and remanded in order for the ALJ to develop the record and set forth factual findings as to Plaintiff's capacity to make an adjustment to other work.

**B.     Credibility Determination**

The Commissioner also objects that the ALJ provided a detailed rationale based on substantial evidence for his credibility determination, finding that the testimony of Plaintiff and her sons regarding her mental impairments was subjective and unsupported by an underlying medical condition.  (*See* Doc. No. 19 p. 6) (citing 20 C.F.R. § 404.1529(c)(4)).   The Commissioner objects that the ALJ found that the statements from Plaintiff and her sons "as to the alleged intensity, persistence, and limited effect" of her anxiety or social phobia were not credible. (*Id.* at 7) (citing R. 14).   The Commissioner explains that "the ALJ provided a detailed rationale based on substantial evidence for this credibility determination":

> (1) November 2002 – Plaintiff reported her depression improved with medication ("feels a lot better on Zoloft") (R. 282); (2) Plaintiff scarcely sought treatment after 2003 (R. 276-78, 280, 318-19); (3) Dr. Harrell's consultive exam findings in November 2007 were largely benign;[4] (4) Dr. Harrell assigned Plaintiff a GAF score of 65, reflecting only *mild* symptoms or difficulties (R. 297); (5) absence of hospitalizations, longitudinal mental health treatment, or documented anxiety attacks (R. 274-337); and (6) daily living activities showed that Plaintiff could drive, care for herself, concentrate (watch television and complete puzzles), and maintain a social relationship with her son (R. 161-65, 218-21).

(*Id.* at 7-8.)

"If a claimant offers subjective testimony concerning disabling pain or other symptoms, the ALJ must determine whether that testimony is credible."   *Brown v. Comm'r of Soc. Sec.*, No. 10-13525, 2011 WL 1643539, at *3 (11th Cir. Apr. 27, 2011) (finding that the ALJ offered sufficient reasons to support his determination that the plaintiff's testimony was not fully credible,

---

[4] Dr. Harrell, Ph.D., conducted a psychological evaluation on November 27, 2007.   (R. 15.)

10

in part because the ALJ noted that the consultive examiner concluded that the plaintiff did not have significant limitations in his function or ability to sustain an eight-hour workday). "If the ALJ decides not to credit such testimony, he must articulate explicit and adequate reasons for doing so." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

The Court agrees with the Magistrate Judge that the ALJ did not explain why he found the testimony of Plaintiff and her sons not credible. The ALJ's explanation for his credibility finding is based largely on the absence of treatment records after 2003 and the lack of a record of "hospitalizations or any longitudinal treatment." (R. 14). However, as Judge Baker notes, "Plaintiff testified that she did not have any money to see any mental health professionals." (*Id.* at n.3.) "[B]efore denying an application based on a claimant's failure to comply with prescribed medical care, the ALJ must consider whether the claimant is able to afford the medical care." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003). The ALJ did not address whether he considered Plaintiff's ability or inability to afford medical care. Therefore, the case will also be reversed and remanded on this basis, in order for the ALJ to properly evaluate Plaintiff's credibility and her sons' testimony, holding another hearing if appropriate.

## IV. CONCLUSION

Therefore, it is **ORDERED** as follows:

1. The Commissioner of the Social Security Administration's Objections to the Report and Recommendation (Doc. No. 19), filed on July 1, 2011, are **OVERRULED**.

2. The Report and Recommendation filed (Doc. No. 18), filed on June 21, 2011, is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. The Decision of the Commissioner of the Social Security Administration is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) in order for the record to be developed and to set forth factual findings as to Plaintiff's capacity to make an adjustment to other work.

4. The Clerk shall enter **JUDGMENT** accordingly and **CLOSE** this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida, on July 27, 2011.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

United States Magistrate Judge Baker
Counsel of Record