# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KATHLEEN M. WHALEN,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:10-cv-865-Orl-22DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNOPPOSED MOTION FOR AN EXTENSION OF THE FOURTEEN DAY PERIOD DESCRIBED IN FED.R.CIV.P 54(D)(2)(B) (Doc. No. 23)** |
| **FILED:** | **August 5, 2011** |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |
| **MOTION:** | **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES (Doc. No. 24)** |
| **FILED:** | **August 5, 2011** |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part. |

    Plaintiff's application for fees follows the issuance of an Order and entry of Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. No. 21 & 22).

### *Petition for Attorney's Fees*

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees against the government provided that the party seeking the award is the prevailing party; the application for such fees, including an itemized justification for the amount sought, is timely filed; the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust.  Title 28 U.S.C. § 2412(d)(1)(A).

Plaintiff's Motion seeks an award of attorney's fees in the amount of $3,908.36, calculated at the rate of $175.05 per hour for 17.2 hours of work expended in 2010 (factoring in the statutory rate of $125.00 per hour adjusted for cost of living increase of 40.04% (based on the applicable Consumer Price Index[1]) ; and at the rate of $179.50 per hour for 5.0 hours of work expended in 2011 (adjusted for cost of living increase of 43.60%.  (Doc. No. 24).  *See Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate).  The Commissioner is not opposed to the hours or rate sought.  *See* Doc. 24 at 3.

Counsel also states that Plaintiff has assigned her fees to counsel.  The parties have agreed that after the Court issues an order awarding EAJA fees to Plaintiff the Commissioner will determine whether Plaintiff owes a debt to the government, and if the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.  Doc. 24.

---

[1] *See* United States Department of Labor Bureau of Labor Statistics, Table of Consumer Price Index. http://www.bls.gov/cpi/.

Any arrangement between client and counsel is outside the purview of the judgment. Moreover, under Supreme Court precedent directly on point, *Astrue v. Ratliff*, 130 S. Ct. 2521, 2523 (June 14, 2010), EAJA attorney fees are awarded to the prevailing party, not to the prevailing party's attorney. *See Martin v. Astrue*, Case No. 3:08-cv-1013-J-TEM, 2010 WL 2639566, *2 (M.D. Fla. June 29, 2010) (observing that "*Ratliff* acknowledges that historically the actual payment of EAJA fees is often directed to the attorney for the prevailing party, and sets forth that such practice will in fact continue where the prevailing plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney").

Upon review of the supporting papers filed by Plaintiff and the Commissioner's response, the Court finds that an award of $3,908.36 is appropriate under the EAJA. It is therefore **respectfully RECOMMENDED** that the motion be **GRANTED in part** and judgment be entered in the amount of **$3,908.36** for attorney's fees.

### *Extension of Time to File Motion for § 406(b) Fees*

At issue is the conflict between counsel's statutory right to file a petition for attorney fees under 42 U.S.C. § 406(b), and the time limits set forth in the federal and local rules. The statute allows for a court to award a reasonable attorney's fee not in excess of 25% of the past due benefits found to be due a social security claimant, "as part of its judgment." According to Rule 54 (d)(2)(B), Fed. R. Civ. P., and Local Rule 4.18(a), all claims for attorney's fees preserved by appropriate pleadings shall be asserted by separate motion filed not later than 14 days following the entry of judgment. The difficulty, of course, is that a judgment remanding the case for additional proceedings rarely (if ever) results in agency action immediate enough to give rise to a claim for attorney's fees in a timely manner. Put simply, at the time of a judgment of remand, counsel has no way of knowing

whether her client's claim will be ultimately successful (thus, giving rise to counsel's own claim for attorney's fees) or not.

While the Court recognizes that counsel is therefore not in a position at the time of judgment of remand to seek fees for past-due benefits that have yet to be awarded, it is still imperative from a jurisdictional standpoint that the issue be timely preserved for consideration at a later date. *See Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277-78 (11th Cir. 2006) (finding a petition for fees filed more than fourteen days after judgment timely in the absence of an objection from the Commissioner). The Eleventh Circuit has recognized "the attorney's plight under the unique circumstances created by a remand judgment under sentence four of 42 U.S.C. § 405(g)" recognizing that attorney's fees under contingency arrangement "cannot be established for months after remand, until the Social Security Administration determines the amount of the client's award." *Blitch v. Astrue*, 261 F. Appx. 241, 242 n. 1 (11th Cir. 2008) (unpublished) (vacating district court order finding 406(b) petition time-barred because attorney's actions were reasonable). The Commissioner has no objection to the granting of the motion. Doc. 23 at 2.

Thus, it is respectfully **RECOMMENDED** that the motion be **GRANTED** and the Court reserve jurisdiction to consider a future petition for fees under 42 U.S.C.§ 406(b), with any such petition to be filed no later than 30 days after any action – such as receipt of the Notice of Award – giving rise to entitlement to fees. *See Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1278 n.3 (11th Cir. 2006). The calculation of past-due benefits and the appropriate attorney's fee can take several months to finally determine; therefore, the 30 days should begin to run from the date a final determination is reached.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 8, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy