# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KATHLEEN M. WHALEN,**

        **Plaintiff,**

**-vs-**                                              **Case No. 6:10-cv-865-Orl-22DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **UNOPPOSED REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE UNDER 42 U.S.C. § 406(b) (Doc. 27)**
>
> **FILED:**     **June 15, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff's Motion for authorization to charge a reasonable fee follows the issuance of an Order and Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) (Docs. 21, 22). Judgment in the case was entered on August 1, 2011. Doc. 22

Six months later, Plaintiff was subsequently granted benefits, including past-due benefits. *See* Doc. 27-3. The Social Security Administration apparently issued a Notice of Award dated Februay 16, 2012 showing the calculation of past due benefits totaling $50,135. Doc. No. 27 at 2 n.1. Section

406(b) allows for a court to award a reasonable attorney's fee not in excess of 25% of the past due benefits found to be due a social security claimant, "as part of its judgment." According to Federal Rule of Civil Procedure 54(d)(2)(B) and Local Rule 4.18(a), all claims for attorney's fees preserved by appropriate pleadings shall be asserted by separate motion filed not later than 14 days following the entry of judgment. The difficulty, of course, is that a judgment remanding the case for additional proceedings rarely (if ever) results in agency action immediate enough to give rise to a claim for attorney's fees in a timely manner. Plaintiff was granted an extension to file the petition for § 406(b) fees until 30 days after any action - such as receipt of the Notice of Award – giving entitlement to fees. Doc. 26. The petition was filed on June 15, 2011, within 30 days after receipt of the Notice of Award to Petitioner sent on May 29, 2012. Doc. 27 at 3.

Plaintiff's previous counsel received $6,000 in attorney's fees pursuant to 42 U.S.C. § 406(a) for work at the administrative level, which also must be credited against the current fee request. Plaintiff's Motion for Fees (Doc. 27) seeks an award of attorney's fees in the net amount of **$6,033**, which is calculated by subtracting the EAJA fees awarded previously awarded to Mr. Culbertson of $3,908.36[1] (Doc. 26) from the 25% of past due benefits, $12,033.75, awarded by the Social Security Administration, for a net result of $8,124.64. Plaintiff's counsel reduced the amount of the fee requested to $6,033.00 so that the amount of the 406(b) fee ($6,033.00) combined with the 406(a) fee ($6,000.00)(*see* Doc. 27-4) would not exceed 25% of the past-due benefits paid to Plaintiff ($12,033.00). The fee requested is within the 25% maximum allowed by 42 U.S.C. §406(b), and is actually only 12% of Plaintiff's past-due benefits.

To evaluate an attorney's § 406(b) petition, the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 739, 122 S.Ct. 1817 (2002). The "best

---

[1] Counsel may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request. *Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1274 (11th Cir. 2010).

indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan,* 907 F.2d 367, 371 (2d Cir. 1990). However, "[a] fee pursuant to a contingency contract is not *per se* reasonable." *McGuire v. Sullivan,* 873 F.2d 974, 979 (7th Cir. 1989). The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be windfall to the attorney." *Wells,* 907 F.2d at 372; *McGuire,* 873 F.2d at 981; *Rodriguez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989). A contingency fee is more likely to be reasonable the greater the risk that the claimant would not prevail. *McGuire,* 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent award in a social security case."). Finally, "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht,* 122 S.Ct. at 1828 n.17.

Upon review of the supporting papers filed by Plaintiff's counsel and there being no opposition by the Commissioner (Doc. 27) to the amount of fees sought, the Court finds that the sum sought is reasonable and an award is appropriate under § 406(b). Counsel states that he spent 24 hours representing Plaintiff in this Court. Doc. 27 ¶ 10. Counsel has practiced law for thirty years in the area of social security law, and his practice is almost exclusively limited to representing disabled people; he is the current chair of the Social Security Committee of the Orange County Bar Association[2]. *See* Doc. 27.

---

[2]*See* http://www richardaculbertson.com/social-security-benefits html (visited on March 27, 2012).

The case was complex and revolved exclusively around Plaintiff's mental impairments, and deficits in social functioning, concentration, persistence, and pace issues because Plaintiff suffered from anxiety disorder with panic attacks and compulsive features; plaintiff had moderate limitations in her ability to complete a normal workday or workweek that were not properly addressed by the ALJ. Doc. 18. Through counsel's efforts, the decision of the ALJ was reversed and remanded based on sentence four of 42 U.S.C. §405(g). Plaintiff received an award of $50,135 in past-due benefits, continuing benefits of $1,091.80 per month, and eligibility of medical coverage under Medicare. Doc. No. 27-4. The Court finds that the sum sought is reasonable and an award is appropriate under § 406(b).

Accordingly, it is respectfully **RECOMMENDED** that the motion be **GRANTED** and the judgment be amended to award fees pursuant to 42 U.S.C. § 406(b) in the amount of **$6,033.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 22, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy